UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHELLE WARNER, individually and on
behalf of all others similarly situated                                    PLAINTIFF

v.                              No. 5:19-CV-05042

LITTLE JOHN TRANSPORTATION
SERVICES, INC., et al.                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' Federal Rule of Civil Procedure 12(f) motion (Doc. 21) to strike paragraph 50(f) from Plaintiff's complaint. Plaintiff has filed a response (Doc. 26). Defendants ask the Court to strike a portion of the complaint because it includes information that Defendants argue is confidential and protected from disclosure pursuant to a nondisclosure agreement that binds Plaintiff. The motion will be denied.

This is an action for back wages due for uncompensated overtime. The portion of the complaint at issue on this motion reads:

> Upon information, among other edicts related to working after hours, below are examples of instructional flyers and emails from the Defendants instructing Agents to the following issues concerning time worked or working from their own person[al] cellular phones, for which the Agent is responsible and for which the agent pays: . . .
>
> F. From November 4, 2016 email entitled "No ZEROS":
>
> *"Make contact for next week too before your customers go home. Let them know you are here if they need you.*
>
> *Remember we booked about 50,000 last Saturday*
> *If your phone rings on a Saturday hang it in them."*

(Doc. 1, ¶ 50) (italics in original).

A complaint is a pleading. Fed. R. Civ. P. 7(1)(1). "The court may strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This is "an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). Several cases define the Rule 12(f) categories. *See* Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 12, Practice Commentary, p. 332 n.245 (2019) (collecting cases defining terms).

Defendants do not explicitly argue which of these categories—redundancy, immateriality, impertinence, or scandal—justifies the Court striking paragraph 50(f) from the complaint. Rather, their argument seems to be that the information alleged is confidential, violates the terms of a nondisclosure agreement, is not "central" to Plaintiff's claims, and is unnecessary because it provides more than the minimal factual allegation necessary to state a claim under Rule 8. Considered under any Rule 12(f) category, Defendants' arguments do not persuade the Court that Rule 12(f) relief is appropriate.

"'Redundant' matter consists of allegations that constitute a needless repetition of other averments in the pleading." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Defendants' argument is less that paragraph 50(f) is redundant and more that it is cumulative. Cumulative presentation of fact may result in exclusion at trial, *see* Fed. R. Evid. 403, but provides no basis for striking factual allegations from pleadings under Rule 12(f). Moreover, matter is not stricken for redundancy "in the absence of a clear showing of prejudice to the movant." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Defendants have made no clear showing that disclosure of information is actually, or even likely, prejudicial, even if the Court agrees with their argument that the information is confidential and covered by a nondisclosure agreement.

"An allegation is immaterial if it has no value in developing the issues of the case." *Blake v. Batmasian*, 318 F.R.D. 698, 700 n.2 (S.D. Fla. 2017) (citing *Oaks v. City of Fairhope, Alabama*,

515 F.Supp. 1004, 1032 (S.D. Ala. 1981)). Plaintiff claims she is due backpay for uncompensated overtime. Paragraph 50(f) alleges that Defendants sent out an email on November 4, 2016 (a Friday) encouraging employees to make contact with customers before customers go home, and further makes allegations from which it can be inferred that Defendants expected employees to answer calls from customers on Saturdays. Read in the context of other allegations, whether or not Defendants asked Plaintiff to work at the end of the workweek and on weekends is likely to be not only relevant but material to her claims that she worked uncompensated overtime hours. Taken as true, the allegation in paragraph 50(f) is not immaterial to issues in this case.

"'[I]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Understood in this context, asking whether a matter pertains to issues in question is the same as asking whether it is relevant. Under the Federal Rules of Civil Procedure "relevance" is broadly construed. *Cf. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("The key phrase in this definition [of the general scope of discovery in Federal Rule of Civil Procedure 26]—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). A matter is impertinent if it is irrelevant. Defendants rightly choose not to argue that the information alleged in paragraph 50(f) of the complaint would be irrelevant to Plaintiff's overtime claims.

"A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *Blake*, 318 F.R.D. at 700 n.4 (citing Black's Law Dictionary). "It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." 5C Wright & Miller, Fed. Prac. & Proc.

3

Civ. § 1382 (3d ed.). Defendants' argument that the information alleged is confidential and including it in a complaint violates a nondisclosure agreement might fall under this category if the information alleged is irrelevant to the action or defense. Taking paragraph 50(f) as a whole, this is not the case. With respect to the number disclosed in the phrase "booked about 50,000 last Saturday," it might be sufficiently confidential that the harm caused by its disclosure is akin to harm caused by defamatory or grossly disgraceful allegations. It might also be the case that the number booked is irrelevant. Because Defendants provide no reason that disclosure of this number harms them, however, Defendants fail to meet their burden of persuasion on this issue. With respect to the phrase "hang it in them," the connotation of this idiomatic phrase is unclear without Defendants' own disclosure that they consider the phrase to be negative. Where Defendants' voluntarily-disclosed reaction to a statement is the only apparent reason any other person might think it scandalous, the matter does not rise to the level of scandal necessary to justify striking it.

IT IS THEREFORE ORDERED that the motion (Doc. 21) to strike is DENIED.

IT IS SO ORDERED this 9th day of April, 2019.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE