UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHELLE WARNER, Individually
and on behalf of all others similarly
situated                                                                                          PLAINTIFF

v.                                     No. 5:19-CV-05042

LITTLE JOHN TRANSPORTATION
SERVICES, INC.;
CHRISTOPHER DALE;
STEVEN DALE                                                                                 DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants' motion (Doc. 19) for partial dismissal of Plaintiff's claim for declaratory relief and a brief (Doc. 20) in support of their motion. Plaintiff filed a response (Doc. 32) in opposition and Defendants filed a reply (Doc. 35) with leave of Court. Defendants seek dismissal of Plaintiff's claim for declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Rule 12(b)(6) for lack of supplemental jurisdiction. The motion will be GRANTED.

Plaintiff filed this action on March 1, 2019 alleging that Defendants failed to pay to her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq. Additionally, Plaintiff brings a claim under the Arkansas Uniform Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, et seq. and the Declaratory Judgement Act, 28 U.S.C. § 2201 seeking a finding that the noncompetition agreements Little John Transportation, Inc. ("Little John") requires its employees to sign are unenforceable and void. Defendants contend that Plaintiff's claim for declaratory relief must be dismissed because Plaintiff fails to allege a sufficient factual basis to show the existence of an actual case or controversy.

1

Article III of the United States Constitution confers jurisdiction in federal courts over cases and controversies. U.S. Const., Art. III, § 2. In the context of a declaratory judgment action, an actual controversy exists if, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1974). The controversy must "be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)) (internal alterations omitted).

A plaintiff seeking a declaratory judgment as to the validity of a noncompete agreement must allege that a party has actively pursued a course of conduct which will necessarily lead to litigation of the agreement's validity. *See Lyman v. St. Jude Medical S.C., Inc.*, 423 F.Supp.2d 902, 906 (E.D. Wis. 2006) ("[The plaintiffs] never claimed that they were taking any steps to compete with St. Jude. Also . . . [they] never alleged that St. Jude threatened suit, or even that St. Jude ever claimed that they breached the non-compete provision. . . . It appears, therefore, that [plaintiffs'] claim for declaratory relief is not ripe for adjudication."); *see also Bruhn v. STP Corp.*, 312 F.Supp. 903, 907 (D. Col. 1970) ("In the present dispute, there has been no threat of suit by the defendant, nor has the defendant claimed that any action hereto taken by plaintiffs has resulted or will result in the immediate future in a breach of the covenant.").

Here, Plaintiff does not allege that she is taking steps to secure employment with a competitor of Little John. Nor does she allege that Little John threatened to enforce the noncompete agreement, or that Little John claimed that she breached the agreement. Rather, Plaintiff asserts that employees are either threatened with termination by the language of the

2

agreement or terminated if they request a signed copy of the noncompetition agreement. (Doc. 32, pp. 3-4). Plaintiff does not seek a declaration regarding this alleged practice, but instead requests a ruling on the agreement's validity. Plaintiff's allegations fail to show a course of conduct that will necessarily lead to litigation over validity of the agreement. Therefore, any order on the validity of the agreement would be nothing more than an advisory opinion. The Court lacks jurisdiction over Plaintiff's claim for declaratory relief.

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 19) to dismiss is GRANTED. Plaintiff's claim for a declaratory judgment as to the enforceability of the noncompetition agreements is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 1st day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE