UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHELLE WARNER, individually
and on behalf of all others similarly
situated                                                                              PLAINTIFF

v.                                            No. 5:19-CV-05042

LITTLE JOHN TRANSPORTATION
SERVICES, INC.;
CHRISTOPHER DALE; and
STEVEN DALE                                                                      DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Michelle Warner's motion (Doc. 24) for conditional certification of a collective action, brief (Doc. 25) in support, and other supporting documents. Defendants filed a response (Doc. 31) opposing conditional certification. For the reasons set forth below, Plaintiff's motion will be granted.

I.      **Background**

Based on the pleadings before the Court, Little John Transportation Services, Inc. ("Little John") is a corporation that procures and transports freight. Little John has locations in Russellville, Arkansas, Springdale, Arkansas, and Houston, Texas. Since 2015, Plaintiff has worked as an Agent at Little John's Springdale location. Agents are primarily responsible for procuring freight customers and organizing the freight's shipment. Agents are personally responsible for the shipments they organize and must troubleshoot any issues that arise. As a result, Little John policy requires that Agents always be available while the freight is in transit. Plaintiff contends that Agents routinely work in excess of forty hours per workweek because of this policy. However, Agents are not eligible to receive overtime compensation for these hours because Little John classifies Agents as "exempt" from receiving overtime compensation under

1

the Fair Labor Standards Act. Plaintiff contends that because Agents are willfully misclassified as "exempt," Little John's policy violates the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 et seq. (the "AMWA"). Plaintiff seeks conditional certification of her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b), authorization to issue notice to putative class members, and approval of the proposed notice and consent-to-join forms (Doc. 24-3).

## II.    Discussion

### A.    Conditional Certification

"The FLSA allows named plaintiffs to sue [their employer] 'for and in behalf of . . . themselves and other employees similarly situated.'" *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (quoting 29 U.S.C. § 216(b)). This type of suit—a collective action—is distinguishable from a class action certified under Federal Rule of Civil Procedure 23, as it requires that plaintiffs use the opt-in mechanism under 29 U.S.C. § 216(b) for joining a putative class of plaintiffs rather than the opt-out procedures in Rule 23. *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975). The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "The court has a responsibility to avoid the stirring up of litigation through unwarranted solicitation of potential opt-in plaintiffs, but the district court should, in appropriate cases, exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citing *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991); *Hoffman-La Roche*, 493 U.S. at 169) (internal quotations omitted).

2

Ultimately, certification of a collective action will depend on whether the named plaintiffs are similarly situated to the putative class. The Supreme Court has hinted that the rules for joining similarly situated plaintiffs are similar to the rules of joinder under Federal Rule of Civil Procedure 20(a). *See Epic Systems Corp. v. Lewis*, -- U.S. --, 138 S.Ct. 1612, 1636 n.3 (2018) (indicating that "similarly situated" FLSA plaintiffs may be joined in the same action under Federal Rule of Civil Procedure 20(a), which requires that their claims arise out of the same transaction or occurrence and involve common questions of law or fact). Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Comms., LLC*, 2015 WL 164001, at *4 (E.D. Mo. Jan. 13, 2015). District courts within the Eighth Circuit have historically utilized a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 940 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891 (citing *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001)). The Court will follow the historical approach because, if satisfied, it demonstrates that Plaintiff's claims and claims of the putative class involve the same transaction or occurrence and common questions of law and fact.

Under the two-stage approach to certifying a collective action, *Resendiz-Ramirez*, 515 F. Supp. 2d at 941, when named plaintiffs move for certification of a collective action—typically

early in the discovery process—a court considers whether Plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 940–41 (W.D. Ark. 2007). While the burden of proof is relatively low, "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D. Mo. Jan. 27, 2009) (quotations omitted). Some factors that may be considered by district courts making this determination include: (1) whether everyone worked in the same location; (2) whether they held the same job title; (3) whether the alleged violations occurred during the same time period; (4) whether all workers were subjected to the same policies and practices, and whether those policies and practices were established in the same manner by the same decision maker; and (5) the extent to which the acts constituting the alleged violations are similar. *See Watson v. Surf-Frac Wellhead Equip. Co.*, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012). If notification is deemed appropriate, the class is conditionally certified for notice and discovery purposes and the action proceeds as a representative action. *Croft v. Protomotive, Inc.*, 2013 WL 1976115, at *1 (W.D. Ark. May 13, 2013) (citing *Resendiz-Ramirez*, 515 F. Supp. 2d at 940).

Defendants raise several arguments against conditional certification. First, Defendants argue that Plaintiff has failed to show that there are other similarly situated plaintiffs that want or intend to join this action. The plain language of 29 U.S.C. § 216(b) does not extend any numerosity requirement to a FLSA action. The statute permits "one or more employees" to represent "other employees similarly situated. 29 U.S.C. § 216(b). Here, Plaintiff seeks to represent at least two

other Agents[1] who she claims are similarly situated. The Court's analysis at this stage is simply to determine whether Ms. Warner is similarly situated to the putative class.

Next, Defendants offer several arguments as to the merits of Plaintiff's case. Specifically, Defendants argue that Plaintiff fails to allege facts that demonstrate she is required to work over forty hours a week as a result of the policy. As support, Defendants submitted an affidavit of Chris Dale representing that Plaintiff averaged only 32.74 hours per week over the past 25 weeks. (Doc. 31-1, p. 1, ¶ 3). The Court does not make findings of fact or credibility determinations with respect to contradictory evidence submitted by the parties at this stage. *Loomis v. CUSA, LLC*, 257 F.R.D. 674, 676 (D. Minn. 2009). Additionally, Defendants argue that Plaintiff is not similarly situated to other freight brokers because Agents are not "engaged to be waiting," but rather "waiting to be engaged." (Doc. 31, p. 5). This legal position has no relevance at this early stage of the case where discovery has been limited. As discussed, the Court is concerned only with whether notice is appropriate and therefore need not address a merits-based argument until the second stage. *Resendiz-Ramirez*, 515 F. Supp. 2d at 941.

Considering the factors listed above, the Court finds that under the lenient standard applicable to this notice stage of certification, Plaintiff has met her burden to demonstrate that she is similarly situated with other putative class members. Plaintiff alleges that she worked at Little John as a salaried Agent at the Springdale location. Though not all putative members work at the Springdale location, all putative members are current or former Agents of Little John. Defendants acknowledge that all Agents are classified as "exempt" and therefore are not eligible for overtime pay. Plaintiff identifies a policy that requires Agents to remain available while the freight they

---

[1] Plaintiff represents that two other employees, Nikki Madison and Michael Benthin, have already signed and filed consents to join this action. (Doc. 25, p. 1).

procure is in transit.  As a result of the policy, Plaintiff alleges that she and other putative plaintiffs regularly work over forty hours per week without overtime compensation.  The policies and classification practices appear to apply uniformly to all Agents regardless of location.  The allegations therefore arise out of the same transaction or occurrence and involve common questions of law and fact.  Plaintiff has met her burden of establishing that she is similarly situated to all other Agents, and she has made substantial factual allegations supporting her claim of FLSA violations for overtime compensation.  Accordingly, the Court will conditionally certify this action for the purposes of providing notice to putative members.

Regarding the class definition, Plaintiff requests that the Court conditionally certify and approve notice for the following class: current or former salaried "Freight Broker" or "Agent" employees of Little John Transportation Services, Inc. ("Little John") at any time during the three years prior to their filing of a Consent to Join Collective Action Form (Consent Form).  Defendant makes no objection to this class designation.

Plaintiff provides no explanation or distinction between an "Agent" and "Freight Broker," but merely notes that Agents are sometimes referred to as "Freight Brokers."  (Doc. 24, p. 4, ¶ 9). In some documents filed before the Court, Plaintiff represents that she works as an Agent, but she claims to work as a Freight Broker in others (Doc. 1, p, 2, ¶ 5; Doc. 24-2, p. 1, ¶ 3).  Similarly, Defendants admit in their answer that Plaintiff works as an Agent yet refer generally to Freight Brokers throughout their response.  (Doc. 22, p. 2, ¶ 5).  Because both parties use the terms "Agent" and "Freight Broker" interchangeably, and because Defendants offer no objection to the proposed class designation, both "Agent" and "Freight Broker" will be included in the class definition.

### B.    Form of Notice and Consent-to-Join

Plaintiff has submitted a proposed form of notice and proposed consent-to-join form

attached as an exhibit to her motion and requests approval of both forms. Defendants raise no objection to the forms offered by Plaintiff. A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche,* 493 U.S. at 170. The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172. A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012). When determining the details, the Court is "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Diaz v. New York Paving Inc.*, 340 F.Supp.3d 372, 386 (S.D. N. Y. 2018) (internal alterations and citation omitted).

The proposed forms are reasonable except that the words "AND CLASS" are to be removed from the title "COLLECTIVE AND CLASS ACTION" on both forms. Plaintiff has not moved to certify a class action lawsuit and this Court will not certify one. *See Murray v. Silver Dollar Cabaret, Inc.*, No. 5:15-CV-5177, 2017 WL 514323, at *7-8 (W.D. Ark. Feb 8, 2017). The notice as submitted is sufficiently limited to only those employees who are similarly situated to Plaintiff and imposes no undue burden on Defendants. The form accurately notifies all members of their choice to opt-in or not opt-in and properly outlines the consequences of both choices. The forms will be approved with the stated revision.

### C. Opt-In Period and Requests for Contact Information

Plaintiff requests that the Court require Defendants to provide the names and last-known addresses of all potential plaintiffs within the class definition. Defendants offer no objection to

this request. This Court has routinely required defendants to produce the last-known contact information for putative class members. *Murray*, 2017 WL 514323, at \*8; *see also Jordan v. RHD, Jr., Inc.*, No. 2:16-CV-02227, 2017 WL 10128906, at \*5 (W.D. Ark. Feb. 17, 2017). Defendants are directed to produce the names and last known addresses for all putative class members.

Plaintiff also requests the deadline to file opt-in plaintiffs' consent-to-join forms be no less than 90 days after Defendants provide the putative members' contact information. Defendants again offer no objection. Two individuals have already provided notice of their consent-to-join this lawsuit and the potential class may be as large as over one hundred. Plaintiff also represents that some putative members may live in Texas as well as Arkansas. Because Defendants offer no objection, the Court finds that a 90-day opt-in period is sufficient and will serve the interests of efficiently facilitating the notice without further delaying this litigation. Therefore, a 90-day opt-in period is appropriate and will be authorized.

## III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion for conditional certification of a collective action and approval of notice (Doc. 24) is GRANTED. The motion is GRANTED as follows:

- The Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all current and former salaried "Freight Brokers" and "Agents" employed by Little John Transportation Services, Inc. at any time during the three years prior to their filing of a Consent to Join Collective Action Form. Upon receiving the information described below, Plaintiff will have ten days to prepare and distribute the notices to all putative plaintiffs. Plaintiff will then have 90 days in which to file opt-in plaintiffs' signed

consent-to-join forms with the Court. **The 90-day opt-in period will begin on June 10, 2019.**

- Defendants are directed to provide the names and last known addresses of all putative members of the collective action. Defendants may provide this information ordered disclosed in any reasonable format. **Defendants have until May 31, 2019 to deliver the contact information to Plaintiff.**

- Plaintiff's proposed notice and consent-to-join forms are approved except that the words "AND CLASS" must be removed from the title "COLLECTIVE AND CLASS ACTION."

IT IS SO ORDERED this 21st day of May, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE