UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHELLE WARNER, individually
and on behalf of all others similarly
situated                                                                              PLAINTIFF

v.                                              No. 5:19-CV-05042

LITTLE JOHN TRANSPORTATION
SERVICES, INC.;
CHRISTOPHER DALE; and
STEVEN DALE                                                                      DEFENDANTS

## OPINION AND ORDER

Before the Court are Plaintiff Michelle Warner's motion (Doc. 43) for certification of a class action, brief in support (Doc. 44) of the motion, and Defendants' response (Doc. 49) in opposition. Plaintiff seeks Rule 23 class certification of an Arkansas Minimum Wage Act ("AMWA") claim premised on allegations that she and other "Agents" or "Freight Brokers" were not paid overtime compensation for hours worked in excess of 40 hours. The Court has already conditionally certified a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). (Doc. 37). The motion to certify a Rule 23 AMWA class will be denied.

Before a class can be certified under Rule 23, the movant must demonstrate that the class representatives are members of the class and that:

> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). A class that meets these four requirements may proceed with its action if it also qualifies as one of the types of actions that may be maintained under Rule 23(b). The burden

1

is on the party seeking certification to demonstrate with evidentiary proof that Rule 23(b) is

satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013).

Plaintiff seeks class certification under Rule 23(b)(3). (Doc. 44, p. 9). A class action may

be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to

class members predominate over any questions affecting only individual members, *and* that a class

action is superior to other available methods for fairly and efficiently adjudicating the

controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added). The Rule provides a nonexclusive list

of matters pertinent to these findings:

> (A)  the class members' interest in individually controlling the prosecution or defense of separate actions;
> (B)  the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)  the likely difficulties in managing a class action.

*Id.*

Plaintiff argues that the predominance issue under Rule 23(b)(3) is met but makes no

representation that a class action is superior to other methods of adjudication. Having failed

demonstrate that a class action is the superior method of adjudication, Plaintiff fails to meet her

Rule 23(b)(3) burden.

Even assuming Plaintiff had attempted such a demonstration, while both a collective action

of an FLSA claim and a class action of an AMWA claim may be certified in the same case,[1] this

Court has repeatedly found that doing so will likely result in unmanageable difficulties. *See*

*Murray v. Silver Dollar Cabaret, Inc.*, No. 5:15-CV-5177, 2017 WL 514323, at *7 (W.D. Ark.

---

[1] The Court continues to believe FLSA collective actions and state-law minimum wage class actions are not "inherently incompatible." *See Murray*, 2017 WL 514323, at *8.

Feb. 8, 2017); (citing *Johnson v. Arkansas Convalescent Ctrs., Inc*., No. 5:12-cv-143-DPM, 2013 WL 3874774, at \*2 (E.D. Ark. July 25, 2013)).  Actions under the FLSA provides for participation on an opt-in basis while Rule 23 requires nonparticipating class members to affirmatively opt-out of the action.  *Id.*  The Court has already certified a collective action.  Many members of the putative class have already received notice outlining these obligations, and some have already opted-in to the action.  Receiving a second notice in the same case, but this time of a class action that requires no opt-in, would almost certainly confuse both those who have opted-in and those still considering it.  *See id.* at \*8 ("One the one hand, the individual would receive notice of a right to opt-in while [also] getting notice to opt-out, along with notice of the partial overlap and differences between the rights of a member of an FLSA collective action and a state-law minimum wage class.").  "The potential for confusion is increased by the partial overlap between the rights of a member of an FLSA collective action and a state-law minimum wage class.  Differences in rights and relief run the risk of creating inconsistent relief for Plaintiffs."  *See Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 WL 10185485, at \*3 (W.D. Ark. Mar. 10, 2017); *see also Johnson*, 2013 WL 3874774, at \*2 (stating that certification of both a collective and class action "seems to promise both needless effort and confusion").  The Court need not certify a Rule 23 class when pursuit of the already-certified collective action will allow the parties in this action to fairly and effectively litigate their claims.  Because Plaintiff has failed to demonstrate how a class action is a superior method of adjudication here, the motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion for Rule 23 class certification (Doc. 43) is DENIED.

IT IS SO ORDERED this 24th day of July, 2019.

*/s/ P. K. Holmes,* III

P.K. HOLMES, III
U.S. DISTRICT JUDGE